[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Ronald T. Hall, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of assaulting a peace officer, in violation of R.C. 2903.13. He was found guilty of the offense following a bench trial.
In a single assignment of error, Hall argues that his conviction was based upon insufficient evidence and was against the manifest weight of the evidence. We find no merit in the assignment.
In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a trial court's decision on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
R.C. 2903.13(A), defining assault, provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." R.C. 2903.13(C)(3) further provides that if the victim of the assault is a peace officer performing his official duties, the offense is a felony of the fourth degree.
In the case at bar, we find no insufficiency in the state's proof. The state produced evidence that while Officer Scott Miller was investigating a domestic-violence call, Hall struck Miller and tackled him to the ground. Miller received cuts to his nose and the back of his head. Although Miller expressed some doubt as to whether his being struck was purposeful or merely incidental to being tackled, the state nonetheless produced ample evidence that, in accosting Miller, Hall knowingly caused him physical harm.
We also reject Hall's claim that the conviction was against the weight of the evidence. Hall cites the testimony of two defense witnesses who indicated that it was the officer who attacked him. Although the cited testimony does tend to contradict the state's evidence, the weight to be given the evidence and the credibility of the witnesses are primarily reserved for the trier of fact.[3] Our review of the record convinces us that the trial court did not lose its way and create a manifest miscarriage of justice. Accordingly, Hall's single assignment of error is overruled, and the judgment of the court of common pleas is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[3] State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.